IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT THREADGILL, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | Civil Action No. 1:11-cv-00145 |
| DAVID CLAY BAIN and | § | |
| JONATHAN AYRES, | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Robert Threadgill files this Original Complaint against Defendants David Clay Bain and Jonathan Ayres.

## I.
## PARTIES

1. Plaintiff Robert Threadgill ("Mr. Threadgill") is a resident of Wimberley, Texas, which is in the Western District of Texas, Austin Division.

2. Defendant David Clay Bain ("Bain") is a Hays County, Texas deputy sheriff. He is sued solely in his individual capacity. Defendant Bain may be served at his place of employment, Hays County Sheriff's Office, 1307 Uhland Road, San Marcos, TX 78666.

3. Defendant Jonathan Ayres ("Ayres") is a Hays County, Texas deputy sheriff. He is sued solely in his individual capacity. Defendant Ayres may be served at his place of employment, Hays County Sheriff's Office, 1307 Uhland Road, San Marcos, TX 78666.

## II.
## JURISDICTION AND VENUE

4. This case is brought pursuant to 42 U.S.C.§1983. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C.§1331 and 28 U.S.C.§1343(a)(3).

5. This Court has personal jurisdiction over Defendants Bain and Ayres, as they reside and work in the Western District of Texas, Austin Division.

6. Venue of this cause is proper in the Western District pursuant to 28 U.S.C. §1391(b) because a substantial portion of the events or omissions giving rise to Plaintiff's claim occurred in Hays County, Texas, which is within the Western District of Texas, Austin Division.

## III.
## BACKGROUND

7. On June 22, 2010, Defendants Bain and Ayres brutalized Plaintiff Robert Threadgill.

8. Earlier that day, Robert Threadgill, who is 80 years old, was at his home in Wimberley, Texas.

9. Mr. Threadgill lives on a beautiful creek. He loves to fish.

10. Unfortunately, litter from an adjacent establishment had been collecting in the creek where Mr. Threadgill fishes.

11. As a consequence, Mr. Threadgill and an employee of a neighboring establishment had a vigorous discussion about who was responsible for the litter. During this discussion, Mr. Threadgill and the employee were standing on opposite sides of a tall wire fence.

12. After the argument had ended, Mr. Threadgill went back to his home. The employee of the establishment contacted the Hays County Sheriff's Department. Subsequently, Deputy David Clay Bain and Deputy Jonathan Ayres of the Hays County Sheriff's Office arrived.

13. Shortly thereafter, Mr. Threadgill discovered he had left his fishing pole near the creek, and walked toward the creek to retrieve it.

14. Mr. Threadgill was not engaging in any sort of criminal act. Nonetheless, Deputy David Clay Bain of the Hays County Sheriff's Department walked around to Mr. Threadgill's side of the fence and began questioning Mr. Threadgill.

15. Incredibly, while doing so and while acting under color of state law, Deputy Bain slammed Mr. Threadgill into the ground, placed his knee on Mr. Threadgill's back, and forcibly jerked his arms for no justifiable reason. Deputy Ayres also participated in this violent assault on Mr. Threadgill, during which Mr. Threadgill sustained a black eye, multiple contusions, wrist and ankle sprains, and other injuries.

16. Then, Deputy Bain and Deputy Ayres handcuffed Mr. Threadgill and dragged the 80-year-old man to Deputy Bain's squad car. On the way to the squad car, while Mr. Threadgill's hands were handcuffed behind his back, they shoved him between the slats of a wooden fence, causing him to trip and land head-first on the pavement.

17. Finally, in an effort to cover up his egregious, abusive tactics, Defendants arrested Mr. Threadgill for resisting arrest and disorderly conduct.

18. However, Mr. Threadgill had done nothing illegal and Defendants had no probable cause to arrest him for any criminal offense.

19. Needless to say, given their baseless nature, the charges were dismissed in their entirety.

20. In addition to his physical injuries, Robert Threadgill had to hire an attorney to defend himself in Court against Defendants' trumped-up charges.

21. Despite this, Hays County still has not disciplined or reprimanded any of the defendants.

22. Accordingly, Mr. Threadgill files this suit to hold Deputy Bain and Deputy Ayres accountable for and to make sure that this type of police brutality and abuse of the Constitution does not happen to more Hays County residents.

## IV.
## 42 U.S.C. §1983 CLAIM AGAINST DEFENDANTS

23. Plaintiff incorporates by reference all of the foregoing facts and allegations.

24. At all times material hereto, Defendants were acting under color of state law as Hays County deputies.

25. As described herein, Defendants brutally attacked and injured Plaintiff, an 80-year-old man, for no justifiable reason. Among other things, Defendants slammed Robert Threadgill to the ground, jerked his arms, dragged him across the ground, and shoved him through a wooden fence.

26. As a direct and proximate result, Robert Threadgill was injured and required hospital treatment.

27. Defendants' conduct was objectively unreasonable and violated Plaintiff's well-established rights to be free from excessive force, false arrest, and imprisonment on the basis of a deliberately fabricated arrest affidavit. As their conduct proximately caused Plaintiff to suffer significant damages, Defendants Bain and Ayres are liable for such damages under 42 U.S.C.§1983.

## V.
## DAMAGES

28. Plaintiff seeks the following damages:

   a. Past and future medical expenses;

   b. Past and future mental anguish and physical pain and suffering;

   c. Past and future physical impairment;

   d. Attorneys' fees and costs, including costs, expert fees, and attorneys' fees pursuant to 42 U.S.C. § 1988;

   e. Pre- and post-judgment interest at the highest rate allowable under law; and

   f. All other compensatory and/or general damages to which Plaintiff is entitled under state or federal law.

## VI.
## JURY DEMAND

29. Plaintiff demands a trial by jury of all disputed fact issues in this case.

## VII.
## PRAYER FOR RELIEF

30. To right this injustice, Plaintiff requests that this Court:

   a. Award compensatory damages and all other recoverable damages to Plaintiff and against Defendants;

   b. Award and allow Plaintiff attorneys' fees and costs, including expert fees, and attorneys' fees pursuant to 42 U.S.C.§1988;

c. Award pre-judgment and post-judgment interest at the highest rate allowable under the law; and,

d. Award and grant such other just relief as the Court deems proper.

Respectfully submitted,

**EVANS EDWARDS, L.L.P.**
4407 Bee Caves Road, Ste. 611
Austin, Texas 78746
Tel. 512-732-2727
Fax 512-732-2731

By _____
JEFF EDWARDS
State Bar No. 24014406


EUGENE W. BREES, II
State Bar No. 02947500
MICHELLE M. CHENG
State Bar No. 00796345
WHITEHURST, HARKNESS, BREES & CHENG, P.C.
5113 Southwest Parkway, Suite 150
Austin, TX 78735
Tel. 512-476-4346
Fax 512-476-4400

ATTORNEYS FOR PLAINTIFF